IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BETSY G. BENNER** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-1748 |
| | : | |
| **CRAFT REVOLUTION, LLC d/b/a** | : | |
| **ARTISANAL BREWING VENTURES** | : | |
| **and VICTORY BREWING CO., LLC** | : | |

**McHUGH, J.**                                                                                                   **July 13, 2022**

## MEMORANDUM

Plaintiff filed this action against her former employer alleging that her termination was in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq*. Defendant moves to dismiss Plaintiff's claim as time-barred because, after receiving a notice of her right to sue from the EEOC, she failed to file this suit within the statutory ninety-day filing period. I agree that Plaintiff's claim is time-barred and must therefore grant Defendant's motion to dismiss.

### I. Factual Allegations:

On June 9, 2008, Plaintiff was hired by Defendant, Victory Brewing, as the Human Resources Administrator. Compl. ¶ 5, ECF 1-2. The position was newly created, and she was responsible for performing all daily HR and payroll duties, creating and implementing all company HR policies, and building the department as necessary for continued growth. *Id.* In July 2017, following a corporate merger, Plaintiff was promoted to Senior Human Resources Manager to oversee all payroll, HR, and talent acquisition for all companies under the merger in four different states. *Id.* ¶ 6.

In June 2018, upon the hiring of a Vice President of Human Resources in the North Carolina office, Plaintiff alleges that her position "was systematically and strategically dismantled

and assigned to existing or newly hired employees all under age of 40." *Id.* ¶ 7.  In January 2019, the Defendant informed her that her position was being eliminated due to restructuring of the Human Resources department. *Id.* ¶ 8.  According to Plaintiff, however, the Defendant then posted her position online. *Id.* ¶ 9.

On January 17, 2019, Plaintiff filed an employment discrimination complaint with the Pennsylvania Human Relations Committee. *Id.* ¶ 10.  She also filed her complaint with the Equal Employment Opportunity Commission.[1]  On May 21, 2021, the PHRC sent Plaintiff a notice stating it found insufficient evidence to establish discrimination. *Id.* ¶ 10.  Plaintiff alleges that office closures related to the COVID pandemic caused delays in resolution of her complaint. *Id.* ¶ 11.  She corresponded with the PHRC to request that her claim be reopened, but did not receive a response. *Id.* ¶ 14.  On October 8, 2021, the EEOC issued a Dismissal and Notice of Rights stating that it adopted the findings of the PHRC.  EEOC Notice, Mot. to Dismiss, Ex. A, ECF 12-1.  The EEOC Notice stated that any lawsuit "must be filed WITHIN 90 DAYS of your receipt of this notice." *Id.*

On April 11, 2022, Plaintiff filed this action in the Chester Court of Common Pleas,  ECF 1-2, and having removed the case, Defendant now seeks to dismiss her claim as time-barred,  ECFs 1, 12.

**II.    Standard of Review**

Within the Third Circuit, motions to dismiss under Fed. R. Civ. P. 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009).

---

[1] Although Plaintiff's Complaint does not contain the date she filed a claim with the EEOC, she alleges that she has "exhausted the options under both the PHRC and the U.S. Equal Employment Opportunity Commission 'EEOC' to obtain recompense for unlawful termination."  Compl. ¶ 15.

2

Plaintiff is *pro se*. There is a well-established "obligation to liberally construe a *pro se* litigant's pleadings," *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), and *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "[p]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. Discussion:

Plaintiff's Complaint asserts only one claim: age discrimination in violation of the ADEA, 29 U.S.C. §§ 621 *et seq.*, related to her termination. Compl. ¶ 17. Under the ADEA, a complainant is not required to wait for the EEOC to issue a right-to-sue letter before initiating a lawsuit. Rather, she may commence suit 60 days after filing an EEOC charge, even without first receiving a notice of the right to sue. 29 U.S.C. § 626(d). But the ADEA further provides, in pertinent part, that

> If a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge **within 90 days after the date of the receipt of such notice.**

29 U.S.C. § 626(e) (emphasis added). Thus, if a right-to-sue letter is issued, plaintiff has 90 days from receipt of the notice to commence a civil action. *See also Ruehl v. Viacom, Inc.,* 500 F.3d 375, 383 n. 11 (3d Cir. 2007). The 90–day filing period acts as a statute of limitations. *See McCray v. Corry Mfg. Co.,* 61 F.3d 224, 229 (3d Cir. 1995) (affirming dismissal of ADEA complaint filed over 90 days following receipt of Notice of Right to Sue); *Sperling v. Hoffmann-La Roche, Inc.*, 24 F.3d 463, 464 n. 1 (3d Cir. 1994) (describing 90-day statute of limitations for age discrimination action). Federal Rule of Civil Procedure 6(d) creates a presumption that Plaintiff received the

notice from the EEOC three days after its mailing. *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999).

Here, Defendant contends that Plaintiff's ADEA claim is time-barred because she failed to initiate this action within 90 days after receiving a Notice of Right to Sue (attached to Defendant's Motion as Exhibit A) by which the EEOC dismissed Plaintiff's claim. Although the EEOC Notice of Right to Sue was not attached to Plaintiff's Complaint, I may consider it for purposes of the Motion to Dismiss because it is central to Plaintiff's claim that she exhausted administrative remedies and Plaintiff does not dispute its authenticity in her Response in Opposition to the Motion to Dismiss. *See Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that courts may consider a document that a defendant attaches as an exhibit to a motion to dismiss, provided that its authenticity is undisputed, and that plaintiff's claims are based on the document).

Here, the EEOC Notice is dated October 8, 2021. Following Rule 6(d), there is a presumption that Plaintiff received it on October 11, 2021. Plaintiff's Response in Opposition to the Motion to Dismiss does not address the EEOC Notice and does not assert that she failed to receive it or received it later than October 11, 2021. ECF 15. Even assuming slow mail delivery because of the dislocation caused by the pandemic, Plaintiff did not file suit until April 11, 2022, which is 182 days after the Federal Rules presume the Notice was received, and 92 days past the 90-day filing window. Plaintiff's ADEA claim is therefore time barred unless equitable tolling applies.

Under certain circumstances, the statutory filing period may be subject to equitable tolling. *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999). In the Title VII context, the Supreme Court has held that equitable tolling may be appropriate when a claimant

4

received inadequate notice of her right to file suit, where a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that she had done everything required of her. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). The Third Circuit has also invoked equitable tolling in some other circumstances: "when the defendant has actively misled the plaintiff; when the plaintiff 'in some extraordinary way' was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum." *Seitzinger*, 165 F.3d at 240 (quoting *United States v. Midgley*, 142 F.3d 174 (3d Cir. 1998)).

Such circumstances are not present here. The EEOC notice clearly stated that Ms. Benner had 90 days in which to file suit, there was no pending motion for appointment of counsel, and Plaintiff has not alleged any affirmative misconduct. In fact, in her response, Plaintiff makes no argument that equitable tolling is appropriate. The response does not even address the EEOC notice and instead focuses entirely on her parallel dealings with the PHRC, specifically her requests for reconsideration by the PHRC.[2] Moreover, even if her ongoing requests for reconsideration to the PHRC could be considered an assertion of state law rights in the wrong forum, the Third Circuit has held that "merely requesting reconsideration of an EEOC Determination does not toll the ninety-day statute of limitations controlling the filing of a civil action." *McCray v. Corry Mfg. Co*., 61 F.3d 224, 229 (3d Cir. 1995). Finally, Plaintiff's alleges that she "began to suffer from debilitating post-COVID health issues," but provides no information as to how or why this prevented her from filing her civil complaint in a timely manner. Pl.'s Resp. at 2, ECF 15. Such a conclusory allegation is insufficient to rise to the "extraordinary" level necessary to establish grounds for equitable tolling. Accordingly, because Plaintiff's filing is

---

[2] In that regard, Plaintiff's Complaint raises no cause of action under the Pennsylvania Human Relations Act (PHRA), 43 Pa. Stat. Ann. §§ 951 *et seq*.

beyond the 90-day window and there are no grounds for equitable tolling, I am obligated to dismiss her ADEA claim with prejudice.  An appropriate order follows.

                                                             /s/ Gerald Austin McHugh
                                                United States District Judge